EX PARTE ALERS ET AL., PETITIONERS AND APPELLANTS, AND THE PEOPLE, CONTESTANT AND RESPONDENT.

APPEAL from the District Court of Aguadilla in a Petition for a Writ of *Habeas Corpus.*

No. 822.—Decided April 9, 1915.

HABEAS CORPUS—EVIDENCE—CORROBORATION—ACCOMPLICE.—Whether the testimony of an accomplice is sufficiently corroborated is a question to be decided

at the trial and not in *habeas corpus* proceedings, in which no person should be·liberated unless there is absolutely no evidence to justify his imprisonment.

The facts are stated in the opinion.

*Mr. Salvador Mestre, fiscal,* for The People.

The appellants did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

On February 27 last, while confined in the district jail of Aguadilla charged with the crime of malicious incendiarism, Felipe Alers, Faustino Morales and Remigio Esteves petitioned the district court for a writ of *habeas corpus* to secure their release on the ground that they were imprisoned without reasonable or probable cause. The judge granted the writ and the case was heard the same day, the petitioners appearing personally and by counsel and The People of Porto Rico appearing by the *fiscal* of the said district. For the purpose of showing that there was cause for their imprisonment, in addition to his own testimony which is not included in the transcript of the record before us, the *fiscal* introduced the testimony of witnesses Ramón Ramírez and Juan González Avíles. The court vacated the writ of *habeas corpus* and the petitioners appealed. The record was filed in this court on March 11 last, and the case was heard on the 23d of the same month, the appellants having filed no briefs in this court.

From an examination of the record before us it appears from the testimony of Ramón Ramírez that he and the three petitioners set fire to the sugar cane of the plantation "Casualidad," near the Corsica Central; that they did it at night at different places on the plantation; that Remigio Esteves, *alias* Fano, bought some candles prior to the fire and lighted them in the cane fields. The testimony of Juan González Avíles is to the effect that at the place referred to there were cane fires that same night at different places on the plantation "Casualidad" and that he saw a man, whom he could

not recognize but whose style of dress he described, lighting some pieces of candle in the cane fields.

Even granting that the testimony of Ramón Ramírez, being that of an accomplice, is not of itself sufficient to show the existence of probable cause for the arrest of a person as one of the principals in the same crime, we understand that as his testimony was corroborated on some points by Juan González Avíles, as appears from the details testified to by him, it cannot be held that the petitioners are imprisoned without probable cause for the commission of the crime with which they are charged. Whether the testimony of the accomplice has been sufficiently corroborated to warrant a conviction of the petitioners is a question to be decided at the trial and not in *habeas corpus* proceedings, in which no person should be liberated unless there is absolutely no evidence to justify his imprisonment.

In view of the foregoing and without further consideration of the question, as the petitioners have abandoned their right to show why the evidence introduced by the *fiscal* was not sufficient to justify the decision of the lower court, we must affirm the said decision and dismiss the appeal.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.